

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

PACIFIC BULK SHIPPING LTD.,

               Plaintiff,

  - against -

PT DHARMA ROSADI INTERNASIONAL a/k/a
PT DHARMA ROSADI INTERNATIONAL; and
OMEGA NOBLE INTERNATIONAL LTD.,

               Defendants.
------------------------------------------------------------X

## VERIFIED COMPLAINT

      Plaintiff, PACIFIC BULK SHIPPING LTD., (hereinafter "Plaintiff") by and through its

attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the

Defendants, PT DHARMA ROSADI INTERNASIONAL a/k/a PT DHARMA ROSADI

INTERNATIONAL ("Dharma") and OMEGA NOBLE INTERNATIONAL LTD.

("Omega")(collectively referred to as "Defendants"), alleges, upon information and belief, as

follows:

      1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and 28 United States Code § 1333. This claim involves the

breach of maritime contract of charter. This matter also arises under the Court's federal question

jurisdiction within the meaning of 28 United States § 1331 and the New York Convention on the

Recognition and Enforcement of Foreign Arbitral Awards (9 U.S.C. § 201 *et seq.*) and/or the

Federal Arbitration Act (9 U.S.C. § 1 *et seq.*).

      2.     At all times material to this action, Plaintiff was, and still is, a foreign

company duly organized and operating under foreign law.

3.    At all material times Plaintiff was the Owner of the ocean going motor vessel "OCEAN PRINCE" (hereinafter the "Vessel").

4.    Upon information and belief, Defendant Dharma was, and still is, a foreign corporation, or other business entity organized and existing under foreign law.

5.    Upon information and belief, Defendant Omega was, and still is, a foreign corporation, or other business entity organized and existing under foreign law, and was, and still is, a trade name, alias, alter-ego, paying agent, receiving agent, and/or joint venturer of Dharma who is now, or will soon be, holding assets belonging to Dharma.

6.    Pursuant to a charter party dated April 21, 2008 Plaintiff chartered the Vessel to Defendant Dharma for the carriage of cargo by sea.

7.    During the course of the charter, disputes arose between the parties regarding Dharma's failure to pay demurrage charges due and owing under the charter party.

8.    Taking into account charges (despatch) for Dharma's account, as a result of Dharma's breach of charter party contract, Plaintiff has sustained damages in the principal amount of $103,895.76, exclusive of interest, arbitration costs and attorneys fees. *See demurrage and despatch calculations annexed hereto as Exhibits "1" and "2" respectively.*

9.    In accordance with the Charter Party, disputes between the parties are to be submitted to arbitration in Hong Kong with English law to apply.

10.    Despite due demand, Dharma has failed to pay the amounts due and owing to Plaintiff. *Please find attached hereto as Exhibit "3" an invoice for the amount demanded.*

11.    Plaintiff will initiate arbitration in Hong Kong after the commencement of this action and jurisdiction is obtained over Defendant(s).

2

12.   This action is brought in order to obtain jurisdiction over Defendant(s) and also to obtain security for Plaintiff's claims and in aid of arbitration proceedings.

13.   Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English Law. Section 63 of the English Arbitration Act of 1996 specifically allows for recovery of these items as part of an award in favor of the prevailing party. As best as can now be estimated, Plaintiff expects to recover the following amounts at arbitration as the prevailing party:

| | | | |
|---|---|---|---|
| A. | Principal claim: | $ | 103,895.76 |
| B. | Interest on claims:<br>3 years at 7.5%, compounded quarterly | $ | 25,944.47 |
| C. | Estimated attorney's fees and expenses and<br>arbitration costs: | $ | 100,000.00 |
| Total | | **$** | **229,840.23** |

14.   Defendant Dharma is the alter-ego of Defendant Omega because it dominates and disregards Omega's corporate form to the extent that Dharma is actually carrying on Omega's business and operations as if the same were its own, or vice versa.

15.   Upon information and belief, Defendant Omega is a shell-corporation through which Defendant Dharma conducts its business, or vice versa.

16.   Upon information and belief, Defendant Dharma has no separate, independent identity from Defendant Omega.

17.   Upon information and belief, Dharma uses Omega as a "paying/receiving agent" or "pass through" entity such that it can insulate itself from creditors relating to its commercial obligations and in particular its vessel charters.

18. It is not general practice in the maritime community, nor any where else, for independent companies to make or receive large payments on behalf of other independent companies.

19. Payments sent or received on behalf of another independent company are suggestive of a relationship that is not "arms length."

20. Upon information and belief, Omega makes payments on Dharma's behalf where Omega has absolutely no contractual obligation to Dharma's creditors.

21. Upon information and belief, Omega made a freight payment to Plaintiff amounting to 100% of the freight owed under the subject charter party (not including the above demurrage charges) where Omega had absolutely no contractual obligation to do so.

22. Furthermore, upon information and belief, Dharma refers to itself as Omega.

23. In the wire remittance details for the freight payment made under the subject charter party, Omega admits that it is the true sender of the payment, even though it came from Omega's account, stating the following:

"M.V OCEAN PRINCE/PBC005/08-V2-1-100 PERCENT OCEAN FREIGHT

TRANSFER FROM PT DHARMA ROSADAI INTERNATIONAL."

24. Upon information and belief, Dharma exercises control over Omega's accounts and business operations.

25. Upon information and belief, Dharma and Omega commingle funds.

26. Based on the foregoing, as well as other activities, Dharma and Omega should be considered as a single economic unit with no corporate distinction between or among them, rendering each liable for the debts of the other, and all assets of Omega susceptible to attachment and/or restraint for the debts of Dharma.

4

27.    By virtue of the foregoing, Omega is properly considered a party to the subject contract as the trade name, alias, alter ego and/or paying agent of Defendant Dharma.

28.    In the further alternative, Defendants are partners and/or joint venturers.

29.    In the further alternative, Defendants are affiliated companies such that Omega is now, or will soon be, holding assets belonging to Dharma, or vice versa.

30.    The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant(s) have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of one or more garnishees which are believed to be due and owing to the Defendants. *See Affidavit in Support of Attachment annexed hereto as Exhibit "4."*

31.    The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia,* any assets of the Defendant(s) held by the aforesaid garnishee for the purpose of obtaining personal jurisdiction over the Defendants, and to secure the Plaintiff's claims as described above.

WHEREFORE, Plaintiff prays:

A.    That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B.    That the Court retain jurisdiction to compel the Defendant(s) to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

C.    That pursuant to 9 U.S.C. §§ 201. *et seq.* this Court recognize and confirm any judgment rendered on the claims had herein as a Judgment of this Court;

D.    That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee within the District which are due and owing to the Defendant(s), in the amount $229,840.23 calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

E.    That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court

F.    That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

G.    That in the alternative, this court enter Judgment against the Defendants on the claims set forth herein;

H.    That this Court award Plaintiff its attorney's fees and costs of this action; and

I.    That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: July 16, 2008
    New York, NY

      The Plaintiff,
      PACIFIC BULK SHIPPING LTD.,

By: _____
      Nancy R. Siegel
      Patrick F. Lennon
      LENNON, MURPHY & LENNON, LLC
      420 Lexington Ave., Suite 300
      New York, NY 10170
      (212) 490-6050 – phone
      (212) 490-6070 – fax
      nrs@lenmur.com
      pfl@lenmur.com

## ATTORNEY'S VERIFICATION

State of New York    )
                     )    ss.:    City of New York
County of New York   )

1.    My name is Nancy R. Siegel

2.    I am over 18 years of age, of sound mind, capable of making this

Verification, and fully competent to testify to all matters stated herein.

3.    I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the

Plaintiff.

4.    I have read the foregoing Verified Complaint and know the contents

thereof and believe the same to be true and accurate to the best of my knowledge, information

and belief.

5.    The reason why this Verification is being made by the deponent and not

by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now

within this District.

6.    The source of my knowledge and the grounds for my belief are the

statements made, and the documents and information received from, the Plaintiff and agents

and/or representatives of the Plaintiff.

7.    I am authorized to make this Verification on behalf of the Plaintiff.

Dated:    July 16, 2008
          New York, NY

                              _____
                              Nancy R. Siegel

8

EXHIBIT "1"

4/6/2008 / 16:21

Chrtrs : PT DHARMA ROSADI INT'L c/o BROMAR

*Laytime Calculation*

MV    OCEAN PRINCE

C/P date 21-Apr-08

PBC005V2

| | | | | |
|---|---|---|---|---|
| discharging | | LIANYUNGANG | | |
| Demurrage | | USD48,000.00 | per day pro rata lts | |
| Despatch | | USD24,000.00 | per day pro rata lts | |
| Cargo quantity | | 51,080.000 | mts | |
| discharging rate | | 12,000.000 | mts / | pwwd SHINC |

| | | | |
|---|---|---|---|
| Vessel arrived | 12-May-08 | 19:48 | |
| NOR tendered | 12-May-08 | 19:48 | |
| NOR Valid/accepted | as per c/p | | |
| Shifting to berth | 16-May-08 | 13:12 | |
| Berthed | 16-May-08 | 16:12 | |
| discharging commenced | 16-May-08 | 16:50 | |
| Laytime commenced | 13-May-08 | 07:48 | 12 hrs TT USC |
| discharging ops completed | 22-May-08 | 18:30 | |

| Date | Day | From hrs | To hrs | Rate % | Used d h : m | Total d h : m | Remarks | |
|---|---|---|---|---|---|---|---|---|
| 13-May-08, Tue | | 07:48 | 24:00 | 100.00 | 0 16:12 | 0 16:12 | 07:48 lytm commenced | |
| 14-May-08, Wed | | 00:00 | 24:00 | 100.00 | 1 00:00 | 1 16:12 | | |
| 15-May-08, Thu | | 00:00 | 24:00 | 100.00 | 1 00:00 | 2 16:12 | | |
| 16-May-08, Fri | | 00:00 | 13:12 | 100.00 | 0 13:12 | 3 05:24 | | |
| | | 13:12 | 16:12 | 0.00 | 0 00:00 | 3 05:24 | vsl shifting | NTC |
| | | 16:12 | 16:50 | 100.00 | 0 00:38 | 3 06:02 | | |
| | | 16:50 | 24:00 | 100.00 | 0 07:10 | 3 13:12 | 16:50 dischg commenced | |
| 17-May-08, Sat | | 00:00 | 16:58 | 100.00 | 0 16:58 | 4 06:10 | | |
| | | 16:58 | 24:00 | 100.00 | 0 07:02 | 4 13:12 | 16:58 vsl on demurrage | |
| 18-May-08, Sun | | 00:00 | 24:00 | 100.00 | 1 00:00 | 5 13:12 | | |
| 19-May-08, Mon | | 00:00 | 24:00 | 100.00 | 1 00:00 | 6 13:12 | | |
| 20-May-08, Tue | | 00:00 | 24:00 | 100.00 | 1 00:00 | 7 13:12 | | |
| 21-May-08, Wed | | 00:00 | 24:00 | 100.00 | 1 00:00 | 8 13:12 | | |
| 22-May-08, Thu | | 00:00 | 18:30 | 100.00 | 0 18:30 | 9 07:42 | 18:30 completed dischg | |

| | | | |
|---|---|---|---|
| Time allowed | 4 06:10 | ( 4.25687 days ) | |
| Time used | 9 07:42 | ( 9.32083 days ) | |
| time lost | 5 01:32 | ( 5.06416 days ) | |

demurrage due                                                                US$243,079.68

EXHIBIT "2"

46/2008/15:21

Chtrs : PT DHARMA ROSADI INTL c/o BROMAR

Laytime Calculation

C/P date 21-Apr-08

MV    OCEAN PRINCE                                    PBCC05V2

| | loading | | | TAMBEA, INDONESIA | | |
|---|---|---|---|---|---|---|

| Demurrage | USD48,000.00 | per day pro rata its |
|---|---|---|
| Despatch | USD24,000.00 | per day pro rata its |

| Cargo quantity | 51,080.000 | mts |
|---|---|---|
| loading rate | 5,000.000 | mts / | pwwd SHINC |

| | |
|---|---|
| Vessel arrived | 27-Apr-08 | 12:00 |
| NOR tendered | 27-Apr-08 | 12:00 |
| NOR Valid/accepted | as per c/p | |
| Pilot on board | 27-Apr-08 | 14:30 |
| Vessel anchored | 27-Apr-08 | 15:30 |
| Loading commenced | 27-Apr-08 | 20:15 |

| | | | |
|---|---|---|---|
| Laytime commenced | 27-Apr-08 | 20:15 | 12 hrs TT USC luatut |
| Loading ops completed | 3-May-08 | 07:00 | |

| Date | Day | From | To | Rate | Used | Total | Remarks | |
|---|---|---|---|---|---|---|---|---|
| | | hrs | hrs | % | d h : m | d h : m | | |
| 27-Apr-08, Sun | | 20:15 | 24:00 | 100.00 | 0 03:45 | 0 03:45 | 20:15 lytm commenced | |
| 28-Apr-08, Mon | | 00:00 | 24:00 | 100.00 | 1 00:00 | 1 03:45 | | |
| 29-Apr-08, Tue | | 00:00 | 11:30 | 100.00 | 0 11:30 | 1 15:15 | | |
| | | 11:30 | 12:30 | 0.00 | 0 00:00 | 1 15:15 | bad weather, rain | NTC |
| | | 12:30 | 15:15 | 100.00 | 0 02:45 | 1 18:00 | | |
| | | 15:15 | 17:40 | 0.00 | 0 00:00 | 1 18:00 | bad weather, rain | NTC |
| | | 17:40 | 19:00 | 100.00 | 0 01:20 | 1 19:20 | | |
| | | 19:00 | 21:50 | 0.00 | 0 00:00 | 1 19:20 | bad weather, rain | NTC |
| | | 21:50 | 24:00 | 100.00 | 0 02:10 | 1 21:30 | | |
| 30-Apr-08, Wed | | 00:00 | 12:02 | 100.00 | 0 12:02 | 2 09:32 | | |
| | | 12:02 | 14:55 | 0.00 | 0 00:00 | 2 09:32 | bad weather, rain | NTC |
| | | 14:55 | 17:10 | 100.00 | 0 02:15 | 2 11:47 | | |
| | | 17:10 | 19:46 | 0.00 | 0 00:00 | 2 11:47 | bad weather, rain | NTC |
| | | 19:46 | 24:00 | 100.00 | 0 04:14 | 2 16:01 | | |
| 1-May-08, Thu | | 00:00 | 01:00 | 100.00 | 0 01:00 | 2 17:01 | | |
| | | 01:00 | 01:26 | 0.00 | 0 00:00 | 2 17:01 | bad weather, rain | NTC |
| | | 01:26 | 05:25 | 100.00 | 0 03:59 | 2 21:00 | | |
| | | 05:25 | 16:20 | 0.00 | 0 00:00 | 2 21:00 | bad weather, rain | NTC |
| | | 16:20 | 24:00 | 100.00 | 0 07:40 | 3 04:40 | | |
| 2-May-08, Fri | | 00:00 | 07:20 | 100.00 | 0 07:20 | 3 12:00 | | |
| | | 07:20 | 09:00 | 0.00 | 0 00:00 | 3 12:00 | bad weather, rain | NTC |
| | | 09:00 | 24:00 | 100.00 | 0 15:00 | 4 03:00 | | |
| 3-May-08, Sat | | 00:00 | 07:00 | 100.00 | 0 07:00 | 4 10:00 | 07:00 completed loading | |

| | d h : m | |
|---|---|---|
| Time allowed | 10 06:11 | ( 10.21800 days ) |
| Time used | 4 10:00 | ( 4.41667 days ) |
| Time save | 5 19:11 | ( 5.79933 days ) |

despatch due                                      US$139,183.92

p20203V2ocean prince_NowJXL5 'kig' zambea

EXHIBIT "3"

# PACIFIC BULK SHIPPING LTD.

c/o Rm 2212, 22/F West Tower Shun Tak Centre, 168-200 Connaught Road C. HK
Tel    : (852) 2581-1699        Fax   : (852) 2581-1799
E-Mail : shipping@pacificbulk.com    Telex : 94075876 BULK G

To:    PT Dharma Rosadi Internasional

Inv. No.:  PBC005/08-V2-2
Inv. Date: 03-Jun-08
Due Date: 11-Jun-08

## INVOICE

| Description | | Amount (USD) |
|---|---|---|
| Vessel: | M.V. "Ocean Prince" | |
| C/P dated: | 21-Apr-08 | |
| B/L dated: | 03-May-08 | |
| Voyage: | Tambea, Pomalaa, South East Sulawesi, Indonesia / Lianyungang, China | |
| Cargo: | 51,080.000   mts nickel ore, in bulk | |
| Despatch: | At loadport - Tambea | ($139,183.92) |
| Demurrage: | At disport - Lianyungang | $243,079.68 |
| Total in Owners favour | | $103,895.76 |

Say Total U.S. Dollars One Hundred and Three Thousand Eight Hundred Ninety-Five and Cents Seventy-Six Only.

Please remit above amount to our bank account as follows:

| | |
|---|---|
| Beneficiary's Bank: | HSBC, Hong Kong |
| Swift Code: | HSBCHKHHHKH |
| Beneficiary: | Pacific Bulk Shipping Co., Ltd. |
| Bank Address: | G/F 35 Bonham Strand, Sheung Wan, Hong Kong |
| Beneficiary's A/C No.: | 459-212650-838 |
| Ref: | M.V. "Ocean Prince" / PBC005/08-V2-2 - Dem/Des Settlement |

Thanks your attention and please confirm your remittance by return

For and on behalf of
PACIFIC BULK SHIPPING LIMITED

Authorized Signature(s)

EXHIBIT "4"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

PACIFIC BULK SHIPPING LTD.,                                  :
                                                             :
                                    Plaintiff,               :        08 Civ. _____
                                                             :
          - against -                                        :        ECF CASE
                                                             :
PT DHARMA ROSADI INTERNASIONAL a/k/a                         :
PT DHARMA ROSADI INTERNATIONAL; and                          :
OMEGA NOBLE INTERNATIONAL LTD.,                              :
                                                             :
                                                             :
                                    Defendants.              :
--------------------------------------------------------------------X

## AFFIDAVIT IN SUPPORT OF PRAYER FOR MARITIME ATTACHMENT

State of Connecticut  )
                      )         ss: SOUTHPORT
County of Fairfield   )

          Nancy R. Siegel, being duly sworn, deposes and says:

          1.      I am a member of the Bar of this Court and represent the Plaintiff herein. I am

familiar with the facts of this case and make this Affidavit in support of Plaintiff's prayer for the

issuance of a Writ of Maritime Attachment and Garnishment, pursuant to Rule B of the

Supplemental Admiralty Rules of the Federal Rules of Civil Procedure.

### DEFENDANTS ARE NOT PRESENT IN THE DISTRICT

          2.      I have attempted to locate the Defendants, PT DHARMA ROSADI

INTERNASIONAL a/k/a PT DHARMA ROSADI INTERNATIONAL and OMEGA NOBLE

INTERNATIONAL LTD., within this District. As part of my investigation to locate the

Defendants within this District, I checked the telephone company information directory, as well

as the white and yellow pages for New York listed on the Internet or World Wide Web, and did

not find any listing for the Defendants. Finally, I checked the New York State Department of Corporations' online database which showed no listings or registration(s) for the Defendants.

3.      I submit based on the foregoing that the Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims.

4.      Upon information and belief, the Defendants have, or will have during the pendency of this action, tangible and intangible property within this District and subject to the jurisdiction of this Court, held in the hands of in the hands of garnishees within this District, which are believed to be due and owing to the Defendants.

5.      This is Plaintiff's first request for this relief made to any Court.

## PRAYER FOR RELIEF FOR ORDER ALLOWING SPECIAL PROCESS SERVER

6.      Plaintiff seeks an Order pursuant to Rule 4(c) of the Federal Rules of Civil Procedure, for an Order appointing Patrick F. Lennon, Kevin J. Lennon, Charles E. Murphy, Nancy R. Siegel, Coleen A. McEvoy or any other partner, associate, paralegal or agent of Lennon, Murphy & Lennon, LLC, or any process server employed by Gotham Process Servers, in addition to the United States Marshal, to serve the Ex Parte Order and Process of Maritime Attachment and Garnishment, together with any interrogatories, upon the garnishee(s), together with any other garnishee(s) who (based upon information developed subsequent hereto by the Plaintiff) may hold assets of, for or on account of, the Defendants.

7.      Plaintiff seeks to serve the prayed for Process of Maritime Attachment and Garnishment with all deliberate speed so that it may be fully protected against the potential of being unable to satisfy a judgment/award ultimately obtained by Plaintiff and entered against the Defendants.

-2-

8.    To the extent that this application for an Order appointing a special process server with respect to this attachment and garnishment does not involve a restraint of physical property, there is no need to require that the service be effected by the Marshal as it involves simple delivery of the Process of Maritime Attachment and Garnishment to the various garnishees to be identified in the writ.

## PRAYER FOR RELIEF TO SERVE LATER IDENTIFIED GARNISHEES

9.    Plaintiff also respectfully requests that the Court grant it leave to serve any additional garnishee(s) who may, upon information and belief obtained in the course of this litigation, to be holding, or believed to be holding, property of the Defendants, within this District. Obtaining leave of Court at this time to serve any later identified garnishees will allow for prompt service of the Process of Maritime Attachment and Garnishment without the need to present to the Court amended Process seeking simply to identify other garnishee(s).

## PRAYER FOR RELIEF TO DEEM SERVICE CONTINUOUS

10.    Further, in order to avoid the need to repetitively serve the garnishees/banks, Plaintiff respectfully seeks further leave of the Court, as set out in the accompanying Ex Parte Order for Process of Maritime Attachment, for any process that is served on a garnishee to be deemed effective and continuous service of process throughout any given day on which process is served and throughout the next day, provided that process is served the next day, and to authorize service of process via facsimile or e-mail following initial *in personam* service.

-3-

Dated:     July 16, 2008
            Southport, CT

Nancy R. Siegel

Sworn and subscribed to before me
this 16th day of July 2008.

Notary Public

-4-